**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

RENAE MERCER,

                    Plaintiff,

vs.                                Case No. 12-CV-35-FHM

CAROLYN W. COLVIN,[1]
Acting Commissioner, Social Security
Administration,

                    Defendant.

## OPINION AND ORDER

Plaintiff, Renae Mercer, seeks judicial review of a decision of the Commissioner of

the Social Security Administration denying Social Security disability benefits.[2]   In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the record as a whole contains substantial

evidence to support the decision and whether the correct legal standards were applied.

*See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1]   Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]   Plaintiff's May 5, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held January 18, 2011. By decision dated January 27, 2011, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 6, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 43 years old on the alleged date of onset of disability and 48 at the time of the ALJ's denial decision.  She has a General Equivalency Diploma, completed training as a registered medical assistant, and formerly worked as cashier and medical assistant. She claims to have been unable to work since April 1, 2006 as a result of hepatitis C, leg pain from edema, depressive disorder, and substance abuse.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work and is limited to simple tasks.  Plaintiff is capable of performing her past relevant work as a medical assistant and a cashier with these limitations.  In addition, based on the testimony of a vocational expert, the ALJ found that there are other jobs Plaintiff can perform with her RFC.  The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled with an alternative step

five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly consider her treating physician Dr. Bennett's opinions and failed to properly consider her credibility. Plaintiff also asserts that the RFC assessment is not supported by substantial evidence.

## Analysis

As hereafter explained, the court finds that the ALJ erred in his analysis of Dr. Bennett's opinion because the ALJ had the factual basis for his rejection of Dr. Bennett's opinion wrong. This error may have also affected the ALJ's credibility determination and the RFC. As a result, on remand the RFC determination and credibility analysis will need to be revisited and therefore are not further discussed here.

In September 2009 Dr. Bennett ordered a venous reflux study because of edema (swelling) of Plaintiff's lower leg. The study revealed left lower extremity superficial venous system reflux. [R. 304]. On January 21, 2010, Dr. Bennett completed an RFC form in which he checked boxes indicating that during an 8 hour period Plaintiff would need to occasionally elevate only her left leg at chest level. [R. 316]. The reason given for that requirement is increased edema after being sedentary or ambulatory. *Id*. On November 19, 2010, Dr. Bennett documented Plaintiff's complaint of leg pain secondary to venous insufficiency. He recorded Plaintiff had +1 edema of the right lower extremity and that compression stockings were in place. [R. 422]. On January 12, 2011, Dr. Bennett documented 1+ edema on both lower extremities. [R. 445]. That same day he completed

another RFC form which stated that during an 8 hour period Plaintiff could stand and walk less than two hours, and it was necessary to elevate both legs to waist level every 2 to 3 hours. [R. 447]. On January 27, 2011, Dr. Bennett clarified that his January 2010 opinion required elevating the legs for 60 minutes every 2-3 hours and that would be outside of the normal break periods of morning break, lunchtime, and afternoon break. [R. 449]. The clarification is dated the same day as the ALJ's decision, it is therefore doubtful that the ALJ had this information. The clarification was submitted to the Appeals Council. [R. 4].

The ALJ stated he gave Dr. Bennett's opinion "some weight" because Dr. Bennett did not provide the basis for a diagnosis of venous insufficiency, nor did he discuss the use of support stockings instead of elevation in the treatment of Plaintiff's mild non-pitting edema. [R. 19]. Plaintiff argues that the decision should be reversed and the case remanded because the ALJ failed to give specific legitimate reasons for rejecting Dr. Bennett's opinion.

The court finds that the ALJ got the facts concerning Dr. Bennett's opinion wrong and that provides the reason for remanding this case. Contrary to the ALJ's statement, Dr. Bennett did provide a basis for the diagnosis of venous insufficiency. He ordered a venous reflux study in September 2009. As previously noted, the study revealed venous insufficiency in Plaintiff's left leg. [R. 304]. Dr. Bennett also observed and documented edema in Plaintiff's right leg. [R. 422]. The use of support stockings instead of elevation is an issue inserted by the ALJ and does not provide a legitimate reason to reject Dr. Bennett's opinion. Further, the court questions the ALJ's characterization of Plaintiff's edema as "non-pitting" since the record reflects observations of +1 pitting in both legs. [R. 445]. The foregoing demonstrates that the ALJ was mistaken about the contents of the

4

record concerning Dr. Bennett's opinion.  The court finds that the ALJ's reasons for rejecting Dr. Bennett's opinion are not supported by the record.  As a result, the case must be remanded for further consideration and discussion of Dr. Bennett's opinion.  In remanding the case, the court expresses no opinion about whether Dr. Bennett's opinion should be adopted.[3]

## Conclusion

The Commissioner's denial decision is REVERSED and the case is REMANDED for the ALJ to consider and more fully discuss Dr. Bennett's opinion and for such further analysis as may be required as a result.

SO ORDERED this 1st day of March, 2013.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[3] Dr. Bennett's opinion is focused on the need for Plaintiff to elevate her legs to alleviate edema.  The opinion does not seem to address her ability to function in performing work related tasks in the presence of some level of edema.